# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY CONSENTINO, | Civil Action No. 3: 15-cv-0269 |
| Plaintiff, | United States District Judge |
| | Kim R. Gibson |
| v. | |
| | United States Magistrate Judge |
| SUPERINTENDENT TREVOR WINGARD, C/O 1 WILLARD, and SCI-LAUREL HIGHLANDS MEDICAL ADMINISTRATOR, | Cynthia Reed Eddy |
| Defendants. | |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss (ECF No. 33) filed by Defendants be denied.

**II. REPORT**

    **A.   Factual and Procedural Background**

Plaintiff, Randy Consentino, is a state prisoner currently incarcerated at the State Correctional Institution (SCI) at Mahoney; this lawsuit, however, involves events which occurred while he was incarcerated at SCI-Laurel Highlands. Named as defendants are the following officers and officials who were employed at SCI-Laurel Highlands at the time of the events giving rise to this lawsuit: Superintendent Trevor Wingard,[1] C/O 1 Willard, and the SCI Laurel Highlands Medical Administrator.

---

[1] Defendant Wingard was the Superintendent at SCI-Laurel Highlands at the time of the events giving rise to this lawsuit. On September 16, 2014, Defendant Wingard was named superintendent of SCI-Somerset. PA Department of Corrections, News for Immediate Release, Sept. 16, 2014. *See also* www.cor.pa.gov/facilities/state prisons (last visited 1/11/2017).

1

Plaintiff filed his original complaint on October 8, 2015, to which the Defendants filed a motion to dismiss. In response to the motion, Plaintiff filed an amended complaint (ECF No. 30), which remains the operative pleading from Plaintiff. Plaintiff asserts his claims in a manner that makes it difficult for the Court and the defendants to clearly understand the claims asserted and the facts supporting those claims. Nevertheless, the amended complaint is at least minimally sufficient to permit the Court to evaluate the asserted claims in the amended complaint under the Rule 12(b)(6) standard.

According to the amended complaint, on January 12, 2014, when Constentino was returning from the "Pill Line," he fell on an icy sidewalk and fractured his wrist. He claims that although he informed Defendant Willard that he had fallen and that his wrist was "fractured, immensely painful," Defendant Willard refused to contact the medical department. He also appears to contend that Defendant Wingard, as the superintendent, was the "play maker" of the institution and knew of the unsafe conditions, i.e., icy sidewalk/roadway, yet did not restrict the movements of the inmates on that day. Finally, he also avers that a SCI-Laurel Highlands' medical doctor examined him the next day, January 13, 2014, and placed his arm/shoulder in a sling. Plaintiff alleges that appropriate medical treatment was delayed as he was not seen by an orthopedic doctor until a week later, and that eventually he needed surgery because his wrist did not heal properly due to the delay in appropriate treatment.[2]

---

[2] The Amended Complaint contains very limited factual assertions. However, Plaintiff included additional factual assertions in his response to the motion to dismiss. As Consentino is a prisoner appearing *pro se*, the Court will treat the factual allegations contained in his response as though they were included in his amended complaint. *See Lewis v. Att'y Gen. of U.S.*, 878 F.2d 714, 722 (3d Cir. 1989).

**B.      Standard of Review**

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This " 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (*quoting Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.,* 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

C.  **Discussion**

Defendants argue that Plaintiff's claims should be dismissed because in a "previous filing," i.e., the original complaint, Plaintiff admitted that he was provided extensive treatment for his injury and that he was instructed by Defendant Willard to go to the medical department, but he refused. Defendants also argue that in the original complaint Plaintiff only named non-physicians and a non-physician defendant cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints when he is receiving treatment by the prison's medical staff. Br. at 5-6.[3]

To the extent Defendants are relying upon Plaintiff's averments from the original complaint, their arguments are without merit. "[T]he amended complaint 'supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading'." *West Run Student Housing Assoc. v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (internal citations omitted). The amended complaint in the instant case neither refers to nor adopts the original complaint. Therefore, it is clear that the amended complaint has superseded the original complaint.

Further, the factual allegations contained in Plaintiff's response clearly indicate that on January 13, 2014, Plaintiff was seen by a medical doctor at SCI-Laurel Highlands but was not seen by an orthopedic physician until one week later. He appears to be claiming that his wrist did not heal properly, which eventually required surgery, because of the "time gap/lapse" between the time of his initial treatment at SCI-Laurel Highlands and the time he was sent for a

---

[3] Defendants acknowledge that Plaintiff included a new defendant in his amended complaint, "Medical Administrator," but contend that because Plaintiff failed to identify this person and make no specific claims against him or her, the Defendants have not addressed this person or entity in their brief. Defendants also argue that Plaintiff's allegations against "Medical Administrator" should be dismissed as insufficiently pled. Defs' Br. at 5-6, n. 2.

consult with an orthopedic physician. Naming the "Medical Administrator" as a defendant is not meaningfully distinguishable from naming a "John Doe" defendant. "Use of John Doe defendants is permissible in certain situations until reasonable discovery permits the true defendants to be identified." *Blakeslee v. Clinton County,* 336 F. App'x 248, 250 (3d Cir. 2009). In this case, it is entirely reasonable that at this early stage of the litigation Plaintiff is not able to identify the individual at the medical unit of SCI-Laurel Highlands who examined and treated him on January 13, 2014.[4]

If the evidence establishes that the Superintendent knew of the unsafe conditions present on January 12, 2014, and nevertheless disregarded the condition and the risk it posed to plaintiff, a reasonable trier of fact could conclude that the Superintendent was deliberately indifferent to a substantial risk of serious harm. Likewise, if the evidence establishes that Defendants unnecessarily denied or delayed medical treatment or improperly refused to send Consentino to a specialist, a reasonable trier of find could conclude that Defendants were deliberately indifferent to Plaintiff's serious medical needs. But Plaintiff is cautioned that the mere disagreement with the course of medical treatment does not state a viable claim for relief. *Spruill v. Gillis*, 373 F.3d 218, 235 (3d Cir. 2004) ("mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation). The Court recognizes that discovery may well reveal that the alleged conduct of Defendants does not give rise to a deliberate indifference claim, but at this early stage of the litigation, the allegations of the Amended Complaint must be accepted as true and all reasonable inferences must be drawn in Plaintiff's favor. The Court finds that Plaintiff

---

[4] The Court recognizes that the heading on page 2 of Consentino's response states: "Randy Consentino, Plaintiff v. Mr. Solomay M.D., Medical Administrator." However, Dr. Solomay has not been named as a defendant in this lawsuit. <u>If Plaintiff desires to add Dr. Solomay as a defendant, he shall notify the Court so that appropriate service documents can be completed and Dr. Solomay can be served.</u>

5

has alleged enough to create plausible deliberate indifference claims against Defendants that should be allowed to continue beyond the defendants' motion to dismiss.

III. **CONCLUSION**

For the reasons stated above, it is respectfully recommended that Defendants' motion to dismiss (ECF No. 33) be denied.

Any party is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b), Fed.R.Civ.P. 6(d) and 72(b)(2), and LCvR 72.D.2, Plaintiff, because he is a non-electronically registered party, may file objections to this Report and Recommendation by **January 30, 2017,** and Defendants, because they are electronically registered parties, may file objections by **January 26, 2017**. The parties are cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman,* 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

Dated: January 12, 2017

cc: RANDY CONSENTINO
FX-1098
SCI Mahanoy
301 Morea Road
Frackville, PA 17932-2158
(via U.S. mail)

Joseph G. Fulginiti
Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050
(electronic notification via CM/ECF)

6