# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY CONSENTINO, | ) |
|     Plaintiff, | ) Civil Action No. 3: 15-cv-0269 |
| | ) |
|     v. | ) United States District Judge |
| | ) Kim R. Gibson |
| COMMONWEALTH OF | ) |
| PENNSYLVANIA DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff initiated this case on October 8, 2015, with the filing of a Complaint in the United States District Court for the Middle District of Pennsylvania. On October 15, 2015, the case was transferred to this Court and assigned to the undersigned and referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges.

In his amended complaint, Plaintiff alleges that on March 12, 2014, while housed at SCI Laurel Highlands, he slipped on an icy roadway shattering his wrist. He claims that he was denied prompt and appropriate medical care for his injury and that the delay in appropriate care necessitated surgery on his wrist where plates and screws were inserted. In response to Defendants' motion to dismiss, Plaintiff filed an amended complaint. (ECF No. 30).

Defendants filed a motion to dismiss the amended complaint (ECF No. 33), to which Plaintiff responded in opposition. (ECF No. 38). On January 12, 2017, Magistrate Judge Eddy filed a Report and Recommendation (ECF No. 43) recommending that Defendants' motion to dismiss be denied.

1

Before the Court are Defendants' Objections to the Report and Recommendation. (ECF No. 45). The Court finds that Defendants' Objections do not undermine the recommendation of the Magistrate Judge.

Defendants argue that it was error for the magistrate judge to rely on the allegations of the amended complaint, when the allegations of the original complaint provided more detail regarding the extensive medical treatment Plaintiff received following his injury. Defendants argue that the magistrate judge erred in relying on *West Run Student Housing Assoc. v. Huntingdon Nat'l Bank*, 712 F.3d 165 (3d Cir. 2013), because, according to Defendants, that is a narrow holding and to apply *West Run* in this case "ignores the contrary and logical consequences of its application." Obj. at 4.

The Third Circuit Court of Appeals in *West Run* held that dismissal of an amended complaint is not warranted simply because there are allegations in the amended complaint that contradict allegations set forth in the original complaint. The district court in *West Run* considered allegations in the original complaint filed by the plaintiff to be binding judicial admissions and commented that " 'a plaintiff is not permitted to take a contrary position in a complaint in order to avoid dismissal.'" *Id.* at 171 (quoting *W. Run Student Housing Assocs., LLC v. Huntington Nat'l Bank*, Civ. Action No. 12-76, 2012 WL 1739820 at *6 (W.D. Pa. May 15, 2012)).[1] The court of appeals rejected the reasoning of the district court and held that "at the motion to dismiss stage, when the district court typically may not look outside the four corners of the amended complaint, the plaintiff cannot be bound by allegations in the superseded complaint." *Id.* at 173.

---

[1] Defendants cite this same passage but mistakenly attribute it to the holding of the appellate court. *See* Objections at 4.

Defendants' attempts to distinguish *West Run* and argue that its holdings and rationale are inapplicable to this case fail to convince the Court that it should reject the report and recommendation. Therefore, – in light of *West Run* – the Court cannot discern any basis upon which to reject the recommendation that dismissal of the amended complaint is not warranted simply because the amended complaint contains allegations that contradict allegations in the original complaint.

Next, defendants argue that the report and recommendation improperly imputes Eighth Amendment deliberate indifference liability upon non-medical defendants. Absent reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating a prisoner, non-medical prison official will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference. However, in this case, Plaintiff alleges in his amended complaint that the Superintendent knew of the icy conditions and that Defendants, both medical and non-medical personnel, unnecessarily denied or delayed medical treatment. The amended complaint specifically avers that although Plaintiff told C/O Willard that he had fallen and that his wrist was "fractured, immensely painful," Defendant Willard refused to contact the medical department. The amended complaint also states that he was not seen by an orthopedic doctor until a week after the medical doctor at SCI-Laurel Highlands had examined him.

As noted in the report, discovery may well reveal that the alleged conduct of Defendants does not give rise to a deliberate indifference claim. However, at this early stage of the litigation, the Court agrees with the magistrate judge and finds that the amended complaint contains sufficient allegations for the Court to conclude that there are plausible claims for deliberate indifference to a serious medical need.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections thereto, the following order is entered:

**AND NOW**, this 7th day of February, 2017:

1. Defendants' motion to dismiss Plaintiff's amended complaint (ECF No. 33) is **DENIED**.

2. The Report and Recommendation (ECF No. 43) dated January 12, 2017, is **ADOPTED** as the Opinion of the Court.

3. Defendants shall file an answer in accordance with Federal Rule of Civil Procedure 12(b)(4)(A).

4. This matter is referred back to the magistrate judge for all further for pretrial proceedings.

BY THE COURT:

Kim R. Gibson
United States District Judge

cc: RANDY CONSENTINO
FX-1098
SCI Mahanoy
301 Morea Road
Frackville, PA 17932-2158
(via U.S. First Class Mail)

Joseph G. Fulginiti
Department of Corrections
(via ECF electronic notification)