# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY CONSENTINO, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3: 15-cv-00269 |
| ) | |
| v. ) | United States Magistrate Judge |
| ) | Cynthia Reed Eddy |
| UNIT MANAGER WINGARD, et al ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Plaintiff has requested that the Court appoint counsel (ECF No. 63). Plaintiff's application for leave to proceed in forma pauperis was granted on November 21, 2017 (ECF No. 64).

This is not the first time Plaintiff has requested the appointment of counsel His first motion was filed on March 8, 2016 (ECF No. 15), before any defendant had been served. The motion was denied without prejudice that same day, and Plaintiff was informed that "should the case survive any dispositive motions and appear ready to proceed to trial, the Court will reconsider this request." (ECF No. 16).

Plaintiff filed his second motion for appointment of counsel on April 12, 2017 (ECF No. 54). The motion was denied without prejudice on April 13, 2017 (ECF No. 55) for the reasons stated in the Court's previous order (ECF No. 16), noting that the request could be reconsidered if this case proceeds past dispositive motions. Plaintiff was instructed that if he "would like to request a brief stay of this action while he seeks private counsel, he should inform the Court by filing a Motion for Stay for a reasonable period of time for the purpose of seeking private

counsel." (ECF No. 55)

On June 23, 2017, Defendants filed a motion for summary judgment, to which plaintiff has not responded, despite having been ordered to do so twice: first, by Order dated June 23, 2017 (ECF No. 60) and second, on November 21, 2017 (ECF No. 65).[1]

At issue now is Plaintiff's third Motion to Appoint Counsel (ECF No. 63).

**Legal Standard**

Initially, the Court begins from the established premise that "indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Gordon v. Gonzalez*, 232 F. App'x 153, 156 (3d Cir. 2007) (quoting *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). However, in some instances the need for representation is great and district courts are granted broad discretion to request the appointment of attorneys for indigent civil litigants. 28 U.S.C. § 1915(e)(1). The court's decision whether to appoint counsel is to be given wide latitude and will only be overturned if its ruling is clearly an abuse of discretion. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994). In *Tabron*, our court of appeals established the framework for determining whether the appointment of *pro bono* counsel is warranted. *Id*. at 158.

Before applying the *Tabron* factors, as a threshold matter, the court must first determine if the Plaintiff's claim has arguable merit in fact and law. *Id*. at 155. Upon a favorable finding, the court then proceeds to consider the factors enunciated in *Tabron*, and discussed in this Court's previous Orders, which include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be

---

[1] Out of an abundance of caution, the Court has included herewith a copy of the Case Management Order dated February 21, 2017 (ECF No. 49) in which we explained the requirements of responding to a motion for summary judgment. In accordance with that Order Defendants have filed a notice that it has provided the records concerning the incident(s) herein. (ECF No. 50).

necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Montgomery*, 294 F.3d at 499 (quoting *Tabron*, 6 F.3d at 155-56). This list is not exhaustive, nor is any one factor determinative. *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997).

The Court of Appeals for the Third Circuit has also emphasized, "that volunteer lawyer time is extremely valuable" and for that reason, "district courts should not request counsel under § 1915[(e] indiscriminately." *Tabron*, 6 F.3d at 157. Finally, "we must take note of the significant practical restrains on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal court; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Id.*

### Discussion

As discussed *supra*, as an initial matter, this Court must first determine whether Plaintiff's Complaint is meritorious. When evaluating the merit of a pro se plaintiff's complaint, courts traditionally give "greater leeway where they have not followed the technical rules of pleading and procedure." *Tabron*, 6 F.3d at 154; *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). For purposes of this Opinion only, the Court will assume, without deciding, that Plaintiff's case has merit in both fact and law. Consequently, the Court will proceed upon the analytical course charted in *Tabron*.

(A) Plaintiff's Ability to Present His Own Case

The ability of a plaintiff to present his own case is arguably the most significant of the *Tabron* factors. *Montgomery*, 294 F.3d at 501. This determination is based on several criteria

including plaintiff's education, literacy, prior work experience, prior litigation experience, ability to understand English and restraints placed on him by incarceration (i.e., access to resources such as a typewriter, telephone and computer). *Tabron*, 6 F.3d at 156; *see also Parham v. Johnson*, 126 F.3d at 459. However, it is not necessary that Plaintiff have the skills and expertise of a trial lawyer; only that he possess the baseline abilities to adequately present his case. *See Gordon v. Gonzalez*, 232 F. App'x 153, 157 (3d Cir. 2007) (the decision point is not whether plaintiff is a trial lawyer).

In his motion, Plaintiff says nothing about his abilities to present his case. His filings to date have been coherent and appropriate. The Court observes that Plaintiff has actively litigated his claims and has demonstrated a basic understanding of his claims and the relevant law. Based solely on Plaintiff's ability to litigate his claim thus far, the Court finds this factor weighs against appointment of counsel.

(B) <u>The Difficulty of the Particular Legal Issues</u>

Where cases involve complicated legal issues, courts should be "more inclined to appoint counsel." *Tabron*, 6 F.3d at 156. This will benefit all parties involved. *Parham*, 126 F.3d at 459. Courts also consider "the proof going towards the ultimate issue and the discovery issues involved." *Id.* Plaintiff has demonstrated his ability to understand his claims, through his various submissions to this Court, particularly by responding to Defendants' Motions to Dismiss.

Accordingly, this factor weighs against Plaintiff, as the Court does not find the case presents complex legal issues.

(C) <u>The Necessity and Ability of the Plaintiff to Pursue Factual Investigation</u>

Courts must consider the extent of factual investigation necessary to prosecute acclaim and the ability of the indigent plaintiff to pursue the investigation. *Tabron*, 6 F.3d at 156.

4

Situations which are "likely to require extensive discovery and compliance with complex discovery rules" gravitate toward the appointment of counsel. *Id.* The Court notes that discovery in this case has ended, and any factual investigation pertaining to Plaintiff's claims appear straightforward. Plaintiff was a party to the incidents from which his claims arise, and he is thus familiar with the facts of the case. He has provided exhibits in support of his claims, which include his grievance and appeals documentation as well as relevant medical records (ECF No. 53), and has been provided relevant records by the Defendants. Courts have found that Plaintiff's first-hand knowledge of events decreases his burden regarding factual discovery. *See Gonzalez v. Passaic Cnty. Prob.*, Civ. No. 04-3001, 2005 WL 2077294, at *7 (D. N.J. Aug. 25, 2005). The investigative needs of the Plaintiff appear to be have been minimal.

  (D) <u>Plaintiff's Capacity to Retain Counsel on his Own Behalf</u>

Plaintiff, who a prisoner at the time of the filing of this action, is no longer incarcerated. Without the constraints of institutional incarceration Plaintiff has the ability to retain qualified counsel. Such cases as this may be deemed to be sufficiently meritorious such that counsel would agree represent a former inmate on a contingency fee basis. Accordingly, this factor weighs against the Plaintiff's request for appointment of counsel.

  (E) <u>The Extent To Which This Case is Likely to Turn on Credibility Determinations</u>

Cases where adjudication relies solely on credibility determinations favor the appointment of counsel. *Lasko v. Watts*, 373 F. App'x 196, (3d Cir. 2010). Regarding the credibility determination factor, "[w]hile the case ultimately may have relied upon credibility, it is difficult to imagine a case that does not. Thus, when considering this factor courts should determine whether the case was solely a swearing contest." *Parham*, 126 F.3d at 460. At this juncture this case does not appear to be exclusively a swearing contest. Consequently, at present,

5

this factor does not favor the appointment of counsel.

(F) Expert Witness Testimony

The necessity of cross examining expert witnesses may favor the appointment of counsel. *Tabron*, 6 F.3d at 156. However, the appointment of counsel is not necessary in every case warranting expert testimony. *Lasko*, 373 F. App'x at 202. At this stage, the necessity for expert witness testimony is uncertain and any predictions by the Court would be premature. Thus, in this case, the Court finds that this factor neither weighs in favor nor against appointing counsel.

**Conclusion**

On balance, the *Tabron* factors weigh against granting Plaintiff's third motion for appointment of counsel. Considered in light of the admonition of the Court of Appeals that volunteer counsel time is extremely valuable, and should not be appointed indiscriminately, the Court must deny Plaintiff's application. Additionally, this Court notes that Local Civil Rule 10.C indicates that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." *See also Parkell*, 2016 WL 4375620 at *16 (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984) ("Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of special circumstances ….'" Aside from all of the circumstances surrounding every litigant, Plaintiff has set forth no special circumstances that warrant granting counsel at this time. The Court notes, however, that pursuant to the authority granted by 28 U.S.C. § 1915(e), the Court retains the discretion to appoint counsel at any point in the litigation *sua sponte*. Should the case survive Defendants' dispositive motion and appear ready to proceed to trial, the Court will reconsider this request. Accordingly, Plaintiff's Motion for Appointment of Counsel under 28 U.S.C. § 1915(e) shall be denied.

**AND NOW**, this 3rd of January, 2018 **IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 63) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED THAT** the deadline for responding to the pending Motion for Summary Judgment is hereby EXTENDED. No further extensions will be granted. Said Response shall be filed on or before **January 19, 2018**. Plaintiff's Response to the Motion for Summary Judgment must comply with the Local Rules for the Western District of Pennsylvania as detailed in the Case Management Order (ECF No. 49), a copy of which is enclosed herewith. Plaintiff is advised that failure to comply with this Order will result in the Motion for Summary Judgment being decided without the benefit of his Response

IT IS FURTHER ORDERED THAT Defendants shall file a reply brief on or before **January 29, 2018.**

        s/Cynthia Reed Eddy
        Cynthia Reed Eddy
        United States Magistrate Judge

cc:    RANDY CONSENTINO
       121 Maplewood Drive
       Dover, PA 17315

       Record counsel via CM-ECF electronic filing